# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Mohamed A. Ajami,**

        **Plaintiff,**

   **v.**

**Catherine Ann Beebe,** *et al.***,**

        **Defendants.**

**Case No. 2:11-cv-824**
**Judge Smith**
**Magistrate Judge Deavers**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 5). Plaintiff did not file a response to the Motion to Dismiss. For the reasons that follow, the Court **GRANTS** Defendants' motion.

**I.  Background**

Plaintiff Mohamed A. Ajami and Defendant Catherine Ann Beebe were married on May 19, 2002, in Beirut, Lebanon, and one child was born as issue of the marriage, MMA,[1] born June 19, 2004. In 2005, Defendant Beebe brought the child to the United States after the child acquired U.S. citizenship through naturalization. In 2007, Defendant Beebe filed for divorce in the Court of Common Pleas of Franklin County, Ohio. On October 11, 2007, an "Agreed Judgment Entry Decree of Divorce" was filed. A copy of this Divorce Decree is attached to Defendants' Motion to Dismiss. Approval of this Divorce Decree by Plaintiff and Defendant

---

[1] Because the child is a juvenile, the Court will refer to him by his initials at birth or as "the child".

Beebe is evidenced by their signatures. Plaintiff's attorney also signed the Divorce Decree. The Divorce Decree states that Plaintiff consented to the jurisdiction of the court over the subject matter and the parties. The Divorce Decree provides that Plaintiff is a Lebanese citizen and Defendant Beebe and the child are U.S. citizens. Additionally, the Divorce Decree identifies Defendant Beebe as the child's residential parent and legal custodian and expressly states: "Under no circumstances shall the minor child be permitted to leave the United States" with Plaintiff. (Doc. 5-1, p. 3). In 2011, Defendant John Black, who is Defendant Beebe's current husband, filed a petition to adopt MMA in the Probate Court of Franklin County. On September 26, 2011, the Probate Court of Franklin County granted Defendant Black's petition for adoption of MMA, whose name was changed as part of the adoption.

On September 14, 2011, and presumably in anticipation of the adoption, Plaintiff Ajami, proceeding *pro se*, filed his Complaint in this Court against Defendants Beebe and Black, alleging that Defendants "improperly induced consent for the adoption of a child in violation of applicable international legal instruments on adoption." (Compl., p. 14). Plaintiff relies upon 28 U.S.C. § 1350 as his basis for the instant action. Although the precise nature of Plaintiff's claim is unclear, it is clear that he challenges the jurisdiction of the Franklin County Court and he is alleging that improper conduct of Defendants led to his child being taken from him and adopted by Defendant Black. In response to Plaintiff's Complaint, Defendants, who are also proceeding *pro se* in this matter, filed their pending Motion to Dismiss.

## II.     Motion to Dismiss

Defendants request that this Court dismiss this action because "this case has no basis" and a there is a lack of subject matter jurisdiction. (Doc. 5). The Court construes this motion as

2

being filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion challenges the subject matter jurisdiction of the court to hear the case, and a Rule 12(b)(6) motion asserts a failure to state a claim upon which relief can be granted.

### A.     Rule 12(b)(1) Standard

A Rule 12(b)(1) motion can attack a claim of jurisdiction on its face or it can attack the factual basis for jurisdiction. *DXL, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citing *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1133-35 (6th Cir. 1996) and *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). If the motion attacks the claim on its face, all allegations of the plaintiff must be considered true. *Id.* If a claim instead attacks the factual basis for jurisdiction, the trial court must weigh the evidence and the plaintiff bears the burden proving that jurisdiction exists. *Id.* Claims of factual defects are far more frequent than facial attacks. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004).

"A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990) (emphasis in original). When reviewing this type of attack, the court must take allegations in the complaint as true and construe the complaint in a light most favorable to the non-moving party. *United States v. A.D. Roe Co., Inc.*, 186 F.3d 717, 721-22 (6th Cir. 1999).

With a "factual" challenge under Rule 12(b)(1), courts consider evidence to determine if jurisdiction actually exists. *See Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003). Unlike a facial attack, there is no presumption of truthfulness on behalf of the non-moving party with a factual attack. *A.D. Roe Co., Inc.*, 186 F.3d at 722. The burden to prove the court has

3

proper jurisdiction falls on the plaintiff. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). When a factual attack raises a controversy as to the facts of the case, the district court must weigh the conflicting evidence to determine whether subject matter does or does not exist. *See Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "The Court is free to weigh the evidence and to satisfy itself as to the existence of its power to hear the case." *Jackie S.*, 442 F. Supp. 2d at 512. The Court has wide discretion to allow affidavits, documents, and a limited evidentiary hearing to resolve jurisdictional facts. *See Gentek Bldg. Prods.*, 491 F.3d at 330. However, district courts engage in factual inquiry regarding the complaint only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim. *See Gentek Bldg. Prods.*, 491 F.3d at 330. Alternatively, if "an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Id.* (citations omitted) (internal quotation marks omitted). This provides more protection to the plaintiff who is actually facing a challenge to the validity of his or her claim and so the defendant is forced to proceed under Rule 12(b)(6) or Rule 56. *Id.*

**B.    Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged

4

are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). In the final analysis, the task

5

of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**III. Discussion**

Defendants do not develop any argument for why this case must be dismissed for lack of subject matter jurisdiction. Instead, Defendants focus on apparent deficiencies in Plaintiff's action against them. This case is brought pursuant to 28 U.S.C. § 1350 which grants district courts jurisdiction to hear complaints filed by aliens for torts committed in violation of the law of nations or a U.S. treaty. Plaintiff, who is a citizen of Lebanon, generally alleges that Defendants committed a tort against them that violates international law or a U.S. treaty with Lebanon. Therefore, the Court asserts subject matter jurisdiction over this case and will determine whether this action must be dismissed under Rule 12(b)(6).

Plaintiff alleges that Defendant Beebe wrongfully removed the child from Lebanon in 2005 when she brought him to the U.S., and he further alleges that she wrongfully retained the child in the U.S. by deceiving the Franklin County Court, in violation of international law. Plaintiff also suggests that Defendant Beebe and her husband, Defendant Black, conspired to deprive the child of his nationality, name, and family relations, in violation of a U.S. treaty with Lebanon. Plaintiff alleges that the Divorce Decree was entered without the Franklin County Court affording him due process, and that Defendants improperly facilitated the adoption of the child by Defendant Black. In support of his claims, Plaintiff asserts that the Franklin County Court lacked jurisdiction to determine the custody of the child or to grant a petition for adoption filed by Defendant Black. Plaintiff asserts that he has been denied due process. In this regard, Plaintiff states that he "never appeared before the [Franklin County] Court and never acknowledged under oath that he has

voluntarily entered into the separation agreement appended to the petition." (Compl., p. 13).

Defendants argue that the pending lawsuit against them is frivolous, and they respond to Plaintiff's allegations and assertions by referencing the terms of the Divorce Decree. Additionally, they assert that the child became a naturalized U.S. citizen when Defendant Beebe *and* Plaintiff signed the necessary paperwork at the U.S. Embassy in Beirut.

As Plaintiff has not filed a response to Defendants' Motion to Dismiss, the authenticity of the Divorce Decree is not in dispute. As part of the divorce proceeding, Plaintiff was represented by counsel. Furthermore, the documents submitted by Defendants demonstrate that Plaintiff approved the terms of the Divorce Decree. Plaintiff's attorney signed the Divorce Decree, and Plaintiff signed each page of what appears to be an electronically transmitted copy of the Divorce Decree. By its terms, Plaintiff consented to the jurisdiction of the Franklin County Court, and he agreed that Defendant Beebe would be the residential parent and legal custodian for the child. If Plaintiff sought to challenge the Divorce Decree for any legitimate reason, he could have attempted to appeal that judgment, or at least attempted to have it set aside. There is no indication that he took any such action. Now, being dissatisfied with the current situation as it relates to his biological son, he brings his purported 28 U.S.C. § 1350 claim against Defendants as a means to collaterally challenge judgments of a state court. This claim has no basis and therefore must be dismissed.

**IV. Conclusion**

Based on the foregoing, Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's Complaint against these Defendants is hereby **DISMISSED with prejudice**.

The Clerk shall remove Document 5 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**